# EXHIBIT "A"

{PH741944.1}

Feldman, Shepherd, Wohlgelernter
Tanner, Weinstock & Dodig LLP
By: John M. Dodig, Esquire/Jason A. Daria, Esquire
I.D. Nos.: 037781987/045051994
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
(215) 567-8300

Attorneys for Plaintiff

*Filed and Attested by the Office of Judicial Records 20 AUG 2021 01:29 pm M. BRYANT*

| | |
|---|---|
| CAROL KELSEY<br>47 Hugenot Street<br>Napanoch, NY 12458<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEMMA DAVIS<br>526 N. Everett Lane<br>Scranton, PA 18504<br>　　and<br>ANTHONY M. COHEN<br>507 Woodhollow Drive<br>Marlton, NJ 08053<br>　　and<br>ALTO'S EXPRESS, INC.<br>2301 Garry Road<br>Cinnaminson, NJ 08007<br>　　and<br>ANGELO KEYES<br>2201 Rustic Circle<br>Kinston, NC 28504<br>　　and<br>METALLIX REFINING, INC.<br>59-201 Avenue of the Commons, Unit 201<br>Shrewsbury, NJ 07702<br><br>　　　　Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JULY TERM, 2021<br><br>NO.:<br><br>JURY TRIAL DEMANDED |

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and | Le han demandado a usted en la corte. Si desea defendersecontra las quejas presentadas, es absolutamente necesario que usted responda dentro de 20 dias despues de ser servido con esta demanda y aviso. Para defendderse es necesario que usted, o su |

Case ID: 210800819

filing in writing with the court your defense or objections to the claim set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP**

**LAWYER REFERENCE SERVICE
ONE READING CENTER
1101 MARKET STREET
PHILADELPHIA, PA  19107
(215) 238-1701**

abogado, registre con la corte en forma escrita, el punto de vista de usted y cualquier objeccion contra las quejas en esta demanda.

Recuerde: Si usted no responde a esta demanda, se puede proseguir con el proceso sin su participation. Entonces, la corte puede, sin notificarlo decidir a favor del demandante y requerira que usted cumpla con todas las provisiones de esta demanda.  Por razon de esa decision, es possible que usted pueda perder dinero, propiedad o otros derechos importantes.

**"LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA I LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CON SEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFRENCIA LEGAL
ONE READING CENTER
1101 MARKET STREET
PHILADELPHIA, PA  19107
(215) 238-1701**

Case ID: 210800819

## CIVIL ACTION COMPLAINT

## PARTIES

1. Plaintiff, Carol Kelsey, is an adult citizen and resident of the State of New York, residing at 47 Hugenot Street, Napanoch, NY 12458.

2. Defendant, Gemma Davis, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 526 N. Everett Lane, Scranton, PA 18504.

3. Defendant, Anthony Cohen, is an adult citizen and resident of the State of New Jersey, residing at 507 Woodhollow Drive, Marlton, NJ 08053.

4. Defendant, Alto's Express, Inc., is a corporation and/or other business entity organized and existing under the laws of New Jersey, with a principal place of business address registered as: 2301 Garry Road, Cinnaminson, NJ 08007; and an address for service of process registered as: One Carriage Way, Cinnaminson, NJ 08007. Defendant regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania, including but not limited to the Port of Philadelphia.

5. At all times relevant hereto, Defendant Cohen was an employee and actual or apparent agent of Defendant, Alto's Express, Inc., and was acting in the course and scope of his employment and agency with that Defendant.

6. Defendant, Angelo Keyes, is an adult citizen and resident of the State of North Carolina, residing at 2201 Rustic Circle, Kinston, NC 28504.

7. Defendant, Metallix Refining, Inc., is a corporation and/or other business entity organized and existing under the laws of New Jersey, with a principal place of business address registered as: 59-201 Avenue of the Commons, Unit 201, Shrewsbury, NJ 07702. Defendant regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania.

8. At all times relevant hereto, Defendant Keyes was an employee and actual or apparent agent of Defendant, Metallix Refining, Inc., and was acting in the course and scope of his employment and agency with that Defendant.

9. At all relevant times, all Defendants owed, undertook and/or assumed the duty to use reasonable, proper, adequate, and appropriate care and measures to avoid harm to foreseeable third parties, such as the Plaintiff, which duties were breached by Defendants as set forth below.

## FACTS

10. On December 18, 2019, Defendant, Gemma Davis, was driving a vehicle northbound on I-81 in the left lane in Dorrance Township, Pennsylvania.

11. At or about the same time and place, Defendant, Anthony Cohen, was driving a tractor trailer northbound on I-81 in the left lane in Dorrance Township, Pennsylvania.

12. At or about the same time and place, Defendant, Angelo Keyes, was driving a tractor trailer northbound on I-81 in the left lane in Dorrance Township, Pennsylvania.

13. At about the same time and place, Plaintiff, Carol Kelsey, was driving a vehicle northbound on I-81 in the left lane in Dorrance Township, Pennsylvania.

14. Defendant Davis was driving too fast for conditions and failed to observe or perceive traffic conditions in a timely manner.

15. As a result of her driving too fast for the conditions, her failure to observe or perceive traffic conditions, and failure to properly brake, Defendant Davis lost control of her vehicle causing it to hit the rear of the tractor trailer driven by Defendant, Anthony Cohen.

16. Defendant Cohen was driving too fast for conditions and failed to observe or perceive traffic conditions in a timely manner.

17. As a result of his driving too fast for the conditions, his failure to observe or perceive traffic conditions, and failure to properly brake, Defendant Cohen lost control of his vehicle causing it to hit the rear of the of the tractor trailer driven by Defendant, Angelo Keyes.

18. Defendant Keyes was driving too fast for conditions and failed to observe or perceive traffic conditions in a timely manner.

19. As a result of his driving too fast for the conditions, his failure to observe or perceive traffic conditions, and failure to properly brake, Defendant Keyes lost control of his vehicle.

20. As a result of Defendants' driving too fast for the conditions, their failure to observe and perceive traffic conditions, and failure to properly brake, Defendants lost control of their vehicles, causing the tractor-trailer driven by Defendant Cohen and/or Defendant Keyes to strike the rear of the vehicle driven by Plaintiff, Carol Kelsey.

21. As a direct and proximate result of the accident, Plaintiff, Carol Kelsey, suffered permanent personal injuries, including but not limited to: cervical disc herniation, post-traumatic cervical spondylosis, cervical radiculopathy, cervicalgia, whiplash injuries, acute post-traumatic headaches, blurred vision, phonophobia, photophobia, strain of the rhomboid muscle, thoracic radiculopathy, thoracic disc herniation, post-traumatic lumbar spondylosis, lumbar disc herniation, lumbar radiculopathy, internal derangement of the right knee, post-traumatic osteoarthritis of the right knee, anxiety, and depression,

22. As a further direct and proximate result of the accident, Plaintiff was caused to suffer and continues to suffer great pain, suffering and mental anguish as a result of her injuries.

23. As a further direct and proximate result of the accident, Plaintiff has incurred and will continue to incur medical and medically-related expenses.

24. As a further direct and proximate result of the accident, Plaintiff has suffered and continues to suffer a loss of earnings and impairment of her earning capacity.

25. As a further direct and proximate result of the accident, Plaintiff has suffered and continues to suffer injuries which have prevented her from performing all or substantially all, of the material acts and duties which constitute her usual and customary daily activities, constituting a loss of the enjoyment of the ordinary pleasures of life.

26. The negligence, carelessness, and breaches in the standards of care by the Defendants, as set forth more specifically below, increased the risk and was a substantial factor, factual cause, and proximate cause of the harm, injuries, and damages to Plaintiff.

## COUNT I

### PLAINTIFF v. DEFENDANT, GEMMA DAVIS
### NEGLIGENCE

27. The incident, injuries, and damages described herein were caused by the carelessness, negligence, and negligence per se of Defendant Davis, in the following particular respects:

   a. Failing to operate the vehicle with due care and with due regard for the safety of others;

   b. Failing to maintain a proper and adequate look out;

   c. Failing to operate the vehicle with due care and due regard for road conditions;

   d. Failing to operate the vehicle at a safe and reasonable speed;

   e. Operating at a high rate of speed under the circumstances;

   f. Failing to properly observe and react to conditions existing at the time of the incident;

   g. Failing to brake and timely stop the vehicle;

  h.  Failing to take other avoidance measures;

  i.  Failing to remain alert and attentive;

  j.  Failing to properly brake;

  k.  Failing to have regard for the actual and potential hazards that existed;

  l.  Operating the vehicle at a speed greater than would permit her to bring her vehicle to a stop within the assured clear distance ahead;

  m.  Failing to drive at a safe and appropriate speed given the weather conditions;

  n.  Driving in careless disregard for the safety of persons; and

  o.  Violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or relating to the operation of vehicles.

28. Defendant, Gemma Davis, is liable for the negligence as set forth above.

29. The foregoing carelessness and negligence of Defendant, Gemma Davis, increased the risk of harm, injuries, and damages to Plaintiff described herein, and were a substantial contributing factor in causing those injuries and damages.

**WHEREFORE**, Plaintiff, Carol Kelsey, demands judgment in her favor and against Defendant, Gemma Davis, jointly and severally, in a sum in excess of $50,000.00, the jurisdictional limit for arbitration, together with interest, costs and damages for delay.

## COUNT II

## PLAINTIFF v. DEFENDANTS, ANTHONY COHEN AND ALTO'S EXPRESS
## NEGLIGENCE AND VICARIOUS LIABILITY

30. The incident, injuries, and damages described herein were caused by the carelessness, negligence, and negligence per se of Defendant Cohen, in the following particular respects:

a. Failing to operate the vehicle with due care and with due regard for the safety of others;

b. Failing to maintain a proper and adequate look out;

c. Failing to operate the vehicle with due care and due regard for road conditions;

d. Failing to operate the vehicle at a safe and reasonable speed;

e. Operating the vehicle at a speed in excess of the posted speed limit;

f. Failing to properly observe and react to conditions existing at the time of the incident;

g. Failing to brake and timely stop the vehicle;

h. Failing to take other avoidance measures;

i. Failing to remain alert and attentive;

j. Failing to properly brake;

k. Failing to have regard for the actual and potential hazards that existed;

l. Operating the vehicle at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead;

m. Failing to drive at a safe and appropriate speed given the weather conditions;

      n.      Driving in careless disregard for the safety of persons;

      o.      Violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or relating to the operation of vehicles; and

      p.      Failing to comply with applicable safety standards and recommended safety practices issued by the National Highway Traffic Safety Administration, U.S. Department of Transportation, Federal Motor Carrier Safety Regulations, the Vehicle Equipment Safety Commission, the American National Standards Institute, the Society of Automotive Engineers and other generally recognized standards.

31.    Defendant, Anthony Cohen, is liable for the negligence as set forth above.

32.    The foregoing carelessness and negligence of Defendant, Anthony Cohen, increased the risk of harm, injuries, and damages to Plaintiff described herein, and were a substantial contributing factor in causing those injuries and damages.

33.    Defendant, Altos Express, Inc., is vicariously liable for Defendant Cohen's negligence.

**WHEREFORE**, Plaintiff, Carol Kelsey, demands judgment in her favor and against Defendants, Anthony Cohen and Alto's Express, jointly and severally, in a sum in excess of $50,000.00, the jurisdictional limit for arbitration, together with interest, costs and damages for delay.

**COUNT III**

**PLAINTIFF v. DEFENDANTS, ANGELO KEYES
AND METALLIX REFINING, INC.
NEGLIGENCE AND VICARIOUS LIABILITY**

34.    The incident, injuries, and damages described herein were caused by the carelessness, negligence, and negligence per se of Defendant Keyes, in the following particular respects:

a. Failing to operate the vehicle with due care and with due regard for the safety of others;

b. Failing to maintain a proper and adequate look out;

c. Failing to operate the vehicle with due care and due regard for road conditions;

d. Failing to operate the vehicle at a safe and reasonable speed;

e. Operating at a high rate of speed under the circumstances;

f. Failing to properly observe and react to conditions existing at the time of the incident;

g. Failing to brake and timely stop the vehicle;

h. Failing to take other avoidance measures;

i. Failing to remain alert and attentive;

j. Failing to properly brake;

k. Failing to have regard for the actual and potential hazards that existed;

l. Operating the vehicle at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead;

m. Failing to drive at a safe and appropriate speed given the weather conditions;

n. Driving in careless disregard for the safety of persons;

o. Violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or relating to the operation of vehicles; and

p. Failing to comply with applicable safety standards and recommended safety practices issued by the National Highway Traffic Safety Administration, U.S. Department of Transportation, Federal Motor Carrier Safety Regulations, the Vehicle Equipment Safety Commission, the American

National Standards Institute, the Society of Automotive Engineers and other generally recognized standards.

35. Defendant, Angelo Keyes, is liable for the negligence as set forth above.

36. The foregoing carelessness and negligence of Defendant, Angelo Keyes, increased the risk of harm, injuries, and damages to Plaintiff described herein, and were a substantial contributing factor in causing those injuries and damages.

37. Defendant, Metallix Refining, Inc., is vicariously liable for Defendant Keyes' negligence.

**WHEREFORE**, Plaintiff, Carol Kelsey, demands judgment in her favor and against Defendants, Angelo Keyes and Metallix Refining, Inc., jointly and severally, in a sum in excess of $50,000.00, the jurisdictional limit for arbitration, together with interest, costs and damages for delay.

## COUNT IV

### PLAINTIFF v. DEFENDANT, ALTO'S EXPRESS, INC.
### NEGLIGENCE
### DIRECT LIABILITY

38. The incident, injuries, and damages described herein were caused by the carelessness and negligence of Defendant, Alto's Express, individually, jointly and/or severally, by and/or through their agents, workmen, servants and/or employees, both generally and in the following particular respects:

    a. Failing to investigate Defendant, Anthony Cohen;

    b. Failing to hire safe and competent drivers;

    c. Hiring and/or otherwise retaining Defendant, Anthony Cohen, as a driver;

    d. Failing to ensure that competent, qualified, safe, and experienced drivers were hired;

e. Failing to ensure that only competent, qualified, safe and experienced drivers were retained;

f. Failing to ensure the training of Anthony Cohen;

g. Failing to hire a qualified and experienced driver;

h. Negligently and improperly hiring Anthony Cohen;

i. Hiring an inexperienced driver;

j. Negligently and improperly retaining Anthony Cohen;

k. Failing to properly train and supervise Anthony Cohen;

l. Failing to comply with applicable standards and recommended practices issued by the National Highway Traffic Safety Administration, U.S. Department of Transportation, Federal Motor Carrier Safety Regulations, the Vehicle Equipment Safety Commission, the American National Standards Institute, the Society of Automotive Engineers and other generally recognized standards; and

m. Failing to create, institute, adopt, enforce, and comply with policies and procedures concerning the operation of tractor-trailers, including but not limited to safe driving procedures.

39. The foregoing carelessness and negligence of Defendant, Alto's Express, Inc., increased the risk of harm, injuries, and damages to Plaintiff described herein, and were a substantial contributing factor in causing those injuries and damages.

**WHEREFORE**, Plaintiff, Carol Kelsey, demands judgment in her favor and against Defendant, Alto's Express, jointly and severally, in a sum in excess of $50,000.00, the jurisdictional limit for arbitration, together with interest, costs and damages for delay.

## COUNT V

### PLAINTIFF v. DEFENDANT, METALLIX REFINING, INC.
### NEGLIGENCE
### DIRECT LIABILITY

40. The incident, injuries, and damages described herein were caused by the carelessness and negligence of Defendant, Metallix Refining, Inc., individually, jointly and/or severally, by and/or through their agents, workmen, servants and/or employees, both generally and in the following particular respects:

   a. Failing to investigate Defendant, Angelo Keyes;

   b. Failing to hire safe and competent drivers;

   c. Hiring and/or otherwise retaining Defendant, Angelo Keyes, as a driver;

   d. Failing to ensure that competent, qualified, safe, and experienced drivers were hired;

   e. Failing to ensure that only competent, qualified, safe and experienced drivers were retained;

   f. Failing to ensure the training of Angelo Keyes;

   g. Failing to hire a qualified and experienced driver;

   h. Negligently and improperly hiring Angelo Keyes;

   i. Hiring an inexperienced driver;

   j. Negligently and improperly retaining Angelo Keyes;

   k. Failing to properly train and supervise Anthony Cohen;

   l. Failing to comply with applicable standards and recommended practices issued by the National Highway Traffic Safety Administration, U.S. Department of Transportation, Federal Motor Carrier Safety Regulations, the Vehicle Equipment Safety Commission, the American National Standards Institute, the Society of Automotive Engineers and other generally recognized standards; and

    m.    Failing to create, institute, adopt, enforce, and comply with policies and procedures concerning the operation of tractor-trailers, including but not limited to safe driving procedures.

41.    The foregoing carelessness and negligence of Defendant, Metallix Refining, Inc., increased the risk of harm, injuries, and damages to Plaintiff described herein, and were a substantial contributing factor in causing those injuries and damages.

**WHEREFORE**, Plaintiff, Carol Kelsey, demands judgment in her favor and against Defendant, Metallix Refining, Inc., jointly and severally, in a sum in excess of $50,000.00, the jurisdictional limit for arbitration, together with interest, costs and damages for delay.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP

By: _____
John M. Dodig, Esquire
Jason A. Daria, Esquire
Attorneys for Plaintiff

## VERIFICATION

I, Carol Kelsey, hereby state that I am the Plaintiff in the foregoing action, and that the attached Complaint is based on information which I have furnished to my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint and to the extent that the information therein is based upon information I have given to counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Carol Kelsey